**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.M. and M.M.**

**No. 23-162** (Nicholas County CC-34-2018-JA-128 and CC-34-2018-JA-129)

**MEMORANDUM DECISION**

Petitioner Mother P.M.[1] appeals the Circuit Court of Nicholas County's February 21, 2023, order terminating her parental and custodial rights to J.M. and M.M.,[2] arguing that the circuit court erred when it failed to dismiss the DHS's amended petitions and terminated her rights. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The proceedings giving rise to this appeal were previously before this Court. *See In re J.M., M.M., D.M. and W.M.*, Case Nos. 20-0958 & 20-0992, 2021 WL 5234719 (W. Va. Nov. 10, 2021) (memorandum decision). Succinctly, the proceedings were initiated in August 2018 upon allegations that petitioner failed to seek medical treatment for a child who jumped out of her moving car and committed domestic violence in front of the children.[3] Thereafter, petitioner was adjudicated by stipulation, admitting that she abused and neglected the children by committing domestic violence in their presence. Petitioner was granted a post-adjudicatory improvement period, multiple extensions, and a post-dispositional improvement period but failed to remain drug-free. Her drug test results indicated that she was continually using drugs for which she did not have a valid prescription throughout 2020 while the children lived with her. As her drug use

---

[1]Petitioner appears by counsel Kathleen Murphy. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Jake Wegman. Counsel Julia R. Callaghan appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]Petitioner is the biological grandmother and adoptive mother of J.M. and M.M.

1

contravened the terms of her family case plan, the court terminated her rights in its November 2020 dispositional order. However, on appeal, this Court found that the circuit court erred by terminating petitioner's rights based on allegations for which she was not adjudicated and for not considering the children's wishes, and we vacated the court's November 5, 2020, dispositional order. *Id.* at \*4, \*6. We further remanded the matter to the circuit court in order for it to enter a new dispositional order that specifically considered the children's wishes and linked petitioner's drug use to the domestic violence upon which she was adjudicated. *Id.*

Upon remand, the circuit court first ordered petitioner, the children, and the children's father to undergo psychological evaluations. During petitioner's evaluation, she denied all allegations of abuse and neglect and drug abuse. Petitioner stated that she only stipulated to allegations of domestic violence at her attorney's suggestion and that the domestic violence did not occur. The psychological evaluation determined her prognosis for improved parenting was extremely poor due to her failure to accept responsibility, her minimization of her actions, her recantation of her stipulation, and her failure to complete an improvement period. The evaluation stated that there are "no services or interventions that this examiner is aware of that could be expected to correct or improve [petitioner's] parenting within a reasonable time, if at all."

In December 2021, the circuit court held a dispositional hearing at which the children testified. J.M., then fourteen years old, and M.M., then fifteen years old, testified that petitioner and her husband disciplined them by striking them with a belt or their hands but denied any other abuse. D.M., petitioner's child who was seventeen at the time and who is not at issue in this appeal, testified that petitioner was taking and selling prescription pills and would become agitated, accusing the children of stealing her pills; would take the children with her to buy or sell drugs; and spent money allocated for utilities on pills, which led to more fighting in the home. Additionally, D.M. stated that petitioner hit the children with belts. The court ended the hearing to allow the DHS to amend its petition and set the matter for an adjudicatory hearing. Over the next two months,[4] the DHS filed its second, third, and fourth amended petitions. Those petitions alleged that petitioner abused drugs to the detriment of her parenting skills and listed instances where petitioner tested positive for alcohol and various drugs for which she did not have a prescription. The petitions also alleged that petitioner was buying and selling illegal substances. Petitioner moved to dismiss the amended petitions for lack of new allegations, but the circuit court deferred ruling on the motion until the conclusion of the adjudicatory hearings.

Over the course of three adjudicatory hearings, the court heard testimony from many witnesses. Petitioner testified that she did not use drugs and her positive screens were inaccurate. The psychologist who performed the children's evaluations opined that J.M. and M.M. lacked the coping skills and maturity to voice a preference regarding termination of their parents' rights. Moreover, the psychologist who performed petitioner's parental fitness evaluation explained that petitioner's drug use affected her parenting in that it impaired her thinking and finances. Based on the evidence presented, the court found that petitioner abused and neglected the children by using controlled substances and engaging in domestic violence in their presence. The court denied

---

[4]During this time, two of petitioner's four children reached the age of eighteen and were dismissed from the proceeding below.

petitioner's motion to dismiss the amended petitions. Petitioner moved for a post-adjudicatory improvement period.

In December 2022, the court held a dispositional hearing. A Child Protective Services ("CPS") employee testified that petitioner missed drug screens, had positive drug screens, and that there were no additional services that could be provided to petitioner to overcome the circumstances that led to the filing of the petitions. The CPS employee also explained that the children had been out of the home for the last twenty-four months. Petitioner testified that she did not need services but would participate in further services if ordered to do so.

In its February 2023 dispositional order, the circuit court terminated petitioner's parental and custodial rights.[5] The court considered the children's wishes but ultimately declined to follow J.M. and M.M.'s preference for petitioner to retain her rights. The court further found that petitioner minimized her actions, refused to take responsibility for any abuse or neglect occurring in her home, and did not show by clear and convincing evidence that she was likely to participate in another improvement period. The court found that petitioner had been provided all possible services in her previous improvement periods and there were no additional services that would resolve the abuse and neglect. Based on the evidence, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions at issue and that termination of petitioner's rights was in the children's best interests. It is from the dispositional order that petitioner appeals.[6]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner asserts multiple assignments of error, the first of which alleges that the circuit court erred when it refused to dismiss the DHS's amended petitions. Citing Rule 19(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings, which permits the filing of an amended petition and the reopening of the adjudicatory hearing "[i]f new allegations arise" after the initial adjudicatory hearing, petitioner argues that none of the allegations in the amended petitions were "new." This argument is entirely without merit, as petitioner readily admits that some allegations were predicated on conduct that occurred *after* the proceedings were initiated, clearly demonstrating that she engaged in new abusive and/or neglectful conduct. Further, to the extent that petitioner argues that the conduct could not be considered abusive and/or neglectful because the DHS had already removed the children, we disagree. On the contrary, this Court has been clear that conduct that occurs *after* the filing of a petition may be considered in determining whether a parent has abused or neglect a child. *See In re Brandon Lee B.*, 211 W. Va. 587, 590, 67 S.E.2d 597, 600 (2001) ("[F]acts developed after the filing of the petition, or amended petition, may be considered in evaluating the conditions which existed at the time of the filing of the petition or amended petition.").

---

[5]The circuit court's order terminated petitioner's "legal, parental, and custodial rights." However, we note that West Virginia Code § 49-4-604(c)(6) provides only for the termination of parental, custodial, and guardianship rights.

[6]The father's parental and custodial rights were also terminated. The permanency plan is adoption in the current placement.

Accordingly, petitioner cannot establish error in the circuit court's refusal to dismiss the amended petitions.

Next, petitioner claims that the court ignored the children's wishes at disposition. However, the record clearly establishes that the court considered the children's wishes but found that their best interests did not align with those wishes. As we have explained, West Virginia Code § 49-4-604(c)(6)(C) "requires a circuit court to give consideration to the wishes of a child who is fourteen years of age or older" but the "circuit court is not obligated to comply with the child's wishes." Syl. Pt. 4, in part, *In re J.A.*, 242 W. Va. 226, 833 S.E.2d 487 (2019). The court considered expert testimony and the children's own testimony as to their wishes but declined to follow them, in keeping with our prior direction. *Id.* (instructing that the court "shall make the termination decision based upon a consideration of the child's best interests" and that the child's preference is but one fact to consider). Thus, petitioner's argument is meritless.

Petitioner then asserts that the DHS failed to prove by clear and convincing evidence that petitioner's rights should be terminated and the court's findings were insufficient for such a finding.[7] This argument is simply incorrect, as the circuit court's twenty-five-page order contains sufficient findings pursuant to West Virginia Code § 49-4-604(c)(6)(C).[8] The circuit court's order

_____

[7]Petitioner raises additional assignments of error in which she relies on authority from other jurisdictions to assert that drug use alone is insufficient to support adjudication and termination of parental and custodial rights. It is unnecessary to address these arguments, however, because petitioner was not adjudicated solely upon her substance abuse, nor were her rights terminated solely upon this issue. Instead, as the record shows, petitioner was also adjudicated of perpetrating domestic violence in the home and she denied that domestic violence ever took place, despite having twice been adjudicated for this conduct. Simply put, petitioner's position has no basis in the record.

[8]The relevant portion of that statute states the following:

> The court order shall state:
> (i) That continuation in the home is not in the best interest of the child and why;
> (ii) Why reunification is not in the best interests of the child;
> (iii) Whether or not the department made reasonable efforts, with the child's health and safety being the paramount concern, to preserve the family, or some portion thereof, and to prevent the placement or to eliminate the need for removing the child from the child's home and to make it possible for the child to safely return home, or that the emergency situation made those efforts unreasonable or impossible; and
> (iv) Whether or not the department made reasonable efforts to preserve and reunify the family, or some portion thereof, including a description of what efforts were made or that those efforts were unreasonable due to specific circumstances.

4

describes that the children's best interests were served by removing them from petitioner's care due to her drug abuse and domestic violence in the home. The court also detailed petitioner's continued drug use to the detriment of her parenting abilities and in violation of her improvement period. The court found that petitioner has been provided all possible services and there are no additional services that can overcome the conditions of abuse and neglect. Thus, the circuit court's findings were sufficient.

Finally, petitioner contends that the court failed to consider less restrictive alternatives. We have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604,] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The circuit court made specific findings that petitioner denied any need for improvement and refused to acknowledge her drug use, going as far as to question the validity of her drug test results. The record contains ample evidence to support the circuit court's findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future, and that it was necessary for the children's best interest to terminate petitioner's parental and custodial rights, as the children needed continuity of care.[9] *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental and custodial rights upon finding no reasonable likelihood conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare). The court *considered* less restrictive alternatives, but ultimately found that termination was the appropriate disposition. Thus, petitioner's argument is without merit.

Petitioner makes numerous arguments but fails to address the crux of the entire proceeding—her refusal to accept any responsibility for the abuse and neglect that occurred in her home due to her drug use. We have held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth

---

[9]Petitioner raises an additional assignment of error in which she argues that the circuit court erred in finding that there was no reasonable likelihood she could correct the conditions of abuse and neglect. In support, petitioner cites to West Virginia Code § 49-4-604(d)(1), which establishes that there is no reasonable likelihood conditions can be corrected when, in relevant part, "[t]he abusing parent or parents have habitually abused or are addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired." We decline to address this argument, however, because the circuit court did not rely on this specific subsection. Instead, as more fully set forth herein, the circuit court relied on petitioner's refusal to acknowledge the conditions at issue or that she had any parenting deficiencies that required improvement.

of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Here, a further improvement period would be an exercise in futility, as petitioner repeatedly stated that she does not believe she did anything wrong. Thus, petitioner's arguments entitle her to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 21, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: April 15, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

6